UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

MAY LING BRANTMAN,

               Plaintiff,

        -against-

FORTISTAR CAPITAL, INC.,

               Defendant.

------------------------------------------------------------------- X

15-cv-4774 (NSR) (JCM)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KEANE & BEANE, P.C.
Attorneys for Defendant
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ...................................................................................1

II.  STATEMENT OF FACTS ......................................................................................4

III.  ARGUMENT..........................................................................................................5

POINT I
STANDARD OF REVIEW..........................................................................................5

    A.  The Legal Standard Applicable To Motions
        For Summary Judgment...................................................................................5

    B.  The Legal Standard With Respect To
        Plaintiff's Gender Discrimination Claim ........................................................7

    C.  Legal Standard With Respect to Plaintiff's
        Retaliation Claim...............................................................................................8

    D.  The Legal Standard With Respect To
        Plaintiff's ADAAA Discrimination Claim .....................................................9

POINT II
PLAINTIFF CANNOT ESTABLISH A *PRIMA
FACIE* CASE OF GENDER DISCRIMINATION
CLAIM.......................................................................................................................11

POINT III PLAINTIFF CANNOT ESTABLISH A
*PRIMA FACIE* CLAIM OF RETALIATION...............................................................14

    A.  The Notification to Fortistar Of The DVD
        Was Not Protected Activity ...........................................................................14

    B.  There Is No Causal Connection To Support
        A Claim Of Retaliation ...................................................................................18

POINT IV
PLAINTIFF CANNOT ESTABLISH A *PRIMA
FACIE* CLAIM UNDER THE ADAAA .......................................................................19

    A.  Plaintiff Does Not Have A Disability Under
        The ADAAA ....................................................................................................19

    B.  Application of the ADAAA Test to the Facts
        in This Case .....................................................................................................21

POINT V
DEFENDANT HAD LEGITIMATE, NON-
DISCRIMINATORY AND NON-RETALIATORY
REASONS FOR TERMINATING PLAINTIFF'S
EMPLOYMENT ............................................................................................................23

POINT VI
PLAINTIFF'S NYSHRL CLAIMS SHOULD BE
DISMISSED ..................................................................................................................24

IV.   CONCLUSION ...............................................................................................................25

# TABLE OF AUTHORITIES

## Statutes

28 U.S.C. §1367(a) .........................................................................................................24

29 C.F.R. §1630(2)(j)(ii) ..............................................................................................20

42 U.S.C. §12102(1) ......................................................................................................19

42 U.S.C. §12102(2)(A) ................................................................................................20

42 U.S.C. §12112(a) ........................................................................................................9

Fed. R. Civ. P. 56 ...........................................................................................................25

Fed. R. Civ. P. 56(a) ........................................................................................................5

Fed. R. Civ. P. 56(c)(1) ...................................................................................................6

Fed. R. Civ. P. 56(c)(1)(B) ..............................................................................................5

## Cases

*Allianz Ins. Co. v. Lerner,*
    416 F.3d 109 (2d Cir.2005) .......................................................................................5

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ...........................................5, 6

*Benn v. Kissane,*
    510 Fed.App'x. 34 (2d Cir. 2013) ..............................................................................5

*Bickerstaff v. Vassar Coll.,*
    196 F.3d 435 (2d Cir. 1999) .......................................................................................6

*Burlington Northern & Santa Fe Ry. Co. v. White,*
    548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 365  (2006) ............................................8

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 106 S.Ct. 2552, 91 L.Ed.2d 265 (1986) ....................................5, 6, 11, 14

*Cruz v. Coach Stores, Inc.,*
    202 F.3d 560 (2d Cir.2000) ......................................................................................14

*Dawson v. Bumble & Bumble,*
    398 F.3d 211 (2d Cir. 2005) .......................................................................................7

*DeCintio v. Westchester County Medical Ctr.,*
    821 F.2d 111 (2d Cir.) .................................................................................................8

*Farina v. Brandford Board of Education,*
    458 Fed.App'x. 13 (2d Cir. 2011) ...........................................................................9, 20

*FDIC v. Great Am. Ins. Co.,*
    607 F.3d 288 (2d Cir. 2010) .......................................................................................6

*Fincher v. Depository Trust & Clearing Corp.,*
   604 F.3d 712 (2d Cir.2010) ................................................................5, 6

*Francis v. Wycoff Medical Center,*
DLIMG, 2016 WL 1273235, at *8 (E.D.N.Y. March 30, 2016) ........................9, 21, 22, 24

*Fraser v. Fidelity Trust Company, Int'l,*
   2009 WL 2601389, at *6 (S.D.N.Y. Aug. 25, 2009) ................................................18

*Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.,*
   585 F.3d 662 (2d Cir. 2009) ................................................................5

*Giscombe v. New York City Dep't of Educ.,*
   39 F.Supp.3d 396 (S.D.N.Y.2014) ................................................................14

*Gonzalez v. Beth Israel Med. Ctr.,*
   262 F.Supp.2d 342 (S.D.N.Y. 2003) ................................................................6

*Goonan v. Federal Reserve Bank of New York,*
   916 F.Supp.2d 470 (S.D.N.Y. 2013) ................................................................10, 19

*Gorbea v. Verizon New York,*
   No. TLCV-3758 KAMLB, 2014 WL 917198
   (E.D.N.Y. Mar. 10, 2014) ................................................................10

*Graves v. Finch Pruyn & Co., Inc.,*
   457 F.3d 181 (2d Cir. 2006) ................................................................10

*Hazen Paper Co. v. Biggins,*
   507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) ................................................7

*Heyman v. Queens Village Comm. for Mental Health,*
   198 F.3d. 68 (2d Cir. 1999) ................................................................9

*Holt v. KMI–Continental, Inc.,*
   95 F.3d 123 (2d Cir. 1996) ................................................................7

*Int'l Healthcare Exch., Inc. v Global Healthcare Exch., LLC,*
   470 F.Supp.2d 345 (S.D.N.Y.2007) ................................................................15

*Jeffreys v. City of New York,*
   426 F.3d 549 (2d Cir.2005) ................................................................5

*Kaytor v. Elec. Boat Corp.,*
   609 F.3d 537 (2d Cir.2010) ................................................................6

*Lewis v. New York City Police Department,*
   908 F. Supp. 2d 313 (E.D.N.Y. 2012) ................................................................21

*McDonnell Douglas Corp. v. Green,*
   411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ................................................7, 9

*McMillan v. City of New York,*
   711 F.3d 120 (2d Cir. 2013) ................................................................10

*Mescall v. Marra*,
  49 F.Supp.2d 365 (S.D.N.Y.1999) .................................................................................21

*Missick v. City of New York*,
  707 F.Supp.2d 336 (E.D.N.Y. 2010) .............................................................................25

*O'Leary v. Town of Huntington*,
  2012 WL 3842567, at *15 (E.D.N.Y. Sept. 5, 2012) ...................................................25

*Penn v. New York Methodist Hosp.*,
  2016 WL 270456, *at 2-3 (S.D.N.Y, January 20, 2016) .................................................6

*Polito v. Tri-Wire Eng'g Sol., Inc.*,
  699 F.Supp.2d 480(E.D.N.Y. 2010) .............................................................................10

*Ponniah Das v. Our Lady of Mercy Medical Center*,
  2002 WL 826877, at *8 (S.D.N.Y. Apr. 30, 2002).......................................................11

*Quinn v. Greentree Credit Corp.*,
  159 F.3d. 759 (2d Cir. 1998)..........................................................................................8, 9

*Ramos v. City of New York*,
  No. 96–CV–3787 (DLC), 1997 WL 410493, at *3
  (S.D.N.Y. July 22, 1997)...............................................................................................15

*Rinaldi v. Quality King Distributors, Inc.*,
  29 F.Supp.3d. 218 (E.D.N.Y. 2014) .................................................................10, 21, 22

*Rodriguez v. Rochester Genesee Reg'l. Transp. Auth.*,
  2014 WL 3819229, at *3) (W.D.N.Y. Aug. 4, 2014) ...................................................20

*Roe v. City of Waterbury*,
  542 F.3d 31 (2d Cir.2008) ...............................................................................................5

*Sharkey v. J.P. Morgan Chase & Co.*,
  2015 WL 5920019, at *13 (S.D.N.Y. Oct. 9, 2015) .....................................................18

*Sista v. CDC Ixis N. Am., Inc.*,
  445 F.3d. 161 (2d Cir. 2006)............................................................................................9

*Texas Dept. of Cmty. Affairs v. Burdine*,
  450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).............................................7, 23

*Thermidor v. Beth Israel Medical Center*,
  683 F.Supp. 403 (S.D.N.Y. 1988) .................................................................................12

*Thornley v. Penton Publishing, Inc.*,
  104 F.3d 26 (2d Cir. 1997) .......................................................................................11, 12

*Tubo v. Orange Reg'l Med. Ctr.*,
  No. 13-CV-1495 (NSR), 2015 WL 5945853, at *11
  (S.D.N.Y. Oct. 13, 2015)...............................................................................................15

*Univ. of Texas S.W. Med Ctr. v. Nassar*,
  133 S.Ct. 2517, 2523, 2435, 186 L.Ed.2d 503 (2013) ...................................................8

*Wagner v. Cty. of Nassau*,
  2014 WL3489747 (E.D.N.Y. July 11, 2014) ...........................................................9, 20

*Wegner v. Upstate Farms Co-op, Inc.*,
  560 F.App'x. 22 (2d Cir. 2004)...................................................................................20

*Yang v. Navigator's Group, Inc.*,
  No. 13-CV-2073 (NSR), 2016 WL67790 at *6
  (S.D.N.Y. Jan. 4, 2016) .............................................................................................18

*Zann Kwan v. Andolex GRP. LLC*,
  737 F.3d 834 (2d Cir. 2013) ........................................................................................8

## I.    PRELIMINARY STATEMENT

Defendant Fortistar Capital Inc. ("Fortistar" or "defendant") submits this Memorandum of Law in Support of its Motion for an Order pursuant to Federal Rules of Civil Procedure Rule 56 granting summary judgment in its favor and dismissing the Complaint of plaintiff Ms. May Ling Brantman ("plaintiff") asserting that there is no genuine dispute of material fact with respect to any of plaintiff's contentions and that Fortistar is entitled to summary judgment dismissing plaintiff's complaint.

Plaintiff, who was employed by Fortistar for only two and one-half months, from November 5, 2012 to January 23, 2013, and whose employment was terminated during her probationary period, asserts claims under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act, as amended ("ADAAA"), as well as the New York State Human Rights Law ("NYSHRL").   Her action, commenced on June 18, 2015, seeks declaratory and injunctive relief and damages for the alleged losses she suffered as a result of Fortistar's purported unlawful termination of her employment as an administrative assistant and assistant to the office manager.

Plaintiff's complaint asserts that Fortistar discriminated against her based on her gender and retaliated against her following an incident in which she discovered a DVD with a superimposed photographic image of a woman with her bare backside exposed. (Plaintiff's FRCP 56.1 Statement [("56.1")], ¶¶50-51; Complaint dated June 18, 2015 ["Complaint"], ¶¶ 11-15). The DVD was located in a clear plastic case in one of several boxes of files and documents which plaintiff was requested to review and catalog. Plaintiff claims that her termination by Fortistar was in retaliation for her engaging in alleged protective activity,

which she contends is reporting her discovery of the photographic image on the DVD to Fortistar supervisory employees.   Plaintiff also alleges in her complaint that she was discriminated against during her two and one-half month employment based on her purported disability involving an alleged herniated disc, which she claims Fortistar refused to reasonably accommodate.  (Complaint, ¶¶ 20-28)

As will be shown by the facts set forth in Fortistar's Rule 56.1 Statement, which incorporates plaintiff's sworn testimony, and to a lesser extent, Fortistar's sworn testimony, the undisputed facts confirm that Fortistar did not discriminate or retaliate against plaintiff because of her gender. Not an iota of admissible evidence exists to support such a claim. Likewise, her discovery of the DVD with the allegedly objectionable image does not support a claim for retaliation. To the contrary, the undisputed facts show that plaintiff's random discovery of the DVD and notification of Fortistar's Vice President and office manager, Ms. Arlene Comora ("Ms. Comora") and human resource manager, Ms. Ann Zanette ("Ms. Zanette") of its existence was not protected activity because plaintiff never put Fortistar on notice that anything was wrong.   Furthermore, her notification had absolutely no consequences of any kind on plaintiff and played no part in Fortistar's determination to terminate her employment on January 23, 2013.

The undisputed facts also show that in addition to plaintiff's deficient job performance at various times during her short two and one-half month tenure as Fortistar's probationary employee, there was a specific intervening event that occurred between January 16, 2013 and January 23, 2013, which led directly to her termination - plaintiff's third absence in less than two and one-half months and her second absence within two weeks,

while on probation. This third absence which occurred on the morning of January 23, 2013, less than an hour before she was to begin her work day, was the event that ultimately triggered her termination. In fact, plaintiff testified that on January 23, 2013, Ms. Zanette advised her that her employment was being terminated because of her excessive absences. (56.1 at ¶92).

With respect to plaintiff's claim that Fortistar failed to accommodate her claimed disability, her sworn testimony confirms that (i) she never asked for an accommodation from Fortistar for her herniated; and (ii) never presented Fortistar with any medical information, report, diagnosis or prognosis as to the herniated disc and its impact, if any, on her ability to perform her job. She did inform Ms. Comora that she had a bad back that at times was very painful, but never asked for an accommodation. (56.1 at ¶35). Furthermore, plaintiff's herniated disc or back condition, does not, as a matter of law, constitute a disability under the ADAAA because although it may constitute a physical impairment, no admissible evidence exists that it substantially limited one or more major life activities. Therefore, as a matter of law, plaintiff's back condition does not qualify as a disability.

Pursuant to the *McDonald-Douglas* test, the three (3) step analysis for reviewing Title VII discrimination claims, retaliation claims and claims pursuant to the ADAAA, plaintiff must initially demonstrate a *prima facie* case of gender discrimination and retaliation or discrimination based on a disability. Second, assuming plaintiff can present such a *prima facie* case, Fortistar then must proffer a legitimate-non-discriminatory and non-retaliatory reason for terminating plaintiff's employment under each claim. Third, once legitimate, non-discriminatory reasons for the termination are presented, plaintiff bears the ultimate burden

of persuasion in establishing that plaintiff's proffered reason is a pretext and the real reason that plaintiff was terminated was because of discrimination based on her gender, that she was retaliated against because she brought the DVD to the attention of Ms. Comora and Ms. Zanette and that Fortistar failed to accommodate her disability.   Defendant contends that plaintiff cannot satisfy any part of her burden under the three prong test for any of the causes of action asserted and that judgment dismissing these claims should be granted.

Plaintiff also claims that Fortistar violated various provisions of Section 296 of the NYSHRL. (Complaint ¶¶35-40). In the event plaintiff's claims under Title VII and the ADAAA are dismissed, the claims under the NYSHRL must also be dismissed for lack of jurisdiction because, in the absence of original subject matter jurisdiction, this Court lacks jurisdiction to hear the pendent State law claims.

## II.   STATEMENT OF FACTS

The undisputed facts relevant to this motion are set forth in the F.R.C.P. Rule 56.1 Statement, the Edward F. Beane, Esq., Declaration dated June 24, 2016 and the Affidavit of Fortistar's Human Resources Manager and custodian of documents, Ms. Ann Zanette ("Zanette Affid.") and will not be repeated here.

-4-

III.    **ARGUMENT**

**POINT I**

**STANDARD OF REVIEW**

A.    **The Legal Standard Applicable
To Motions For Summary Judgment**

This Court recently set forth the standard to be applied on a motion for summary

judgment:

> Motions for summary judgment are governed by Rule 56 of the
> Federal Rules of Civil Procedure. 'The court shall grant
> summary judgment if the movant shows that there is no
> genuine dispute as to any material fact and the movant is
> entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(a).
> The moving party bears the initial burden of demonstrating the
> absence of any genuine dispute or issue of material fact by
> pointing to evidence in the record, 'including depositions,
> documents…[and] affidavits or declarations,' *Id.* 56(c)(1)(A),
> 'which it believes demonstrate[s] the absence of a genuine issue
> of material fact.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106
> S.Ct. 2552, 91 L.Ed.2d 265 (1986). The moving party may
> support an assertion that there is no genuine dispute by
> 'showing…that [the] adverse party cannot produce admissible
> evidence to support the fact.' Fed. R. Civ. P. 56(c)(1)(B).
>
> Once the moving party has fulfilled its preliminary burden, the
> onus shifts to the nonmoving party to raise the existence of a
> genuine dispute of material fact. *Id.* 56(c)(1)(A); *Anderson v.
> Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d
> 202 (1986). A genuine dispute of material fact exists when 'the
> evidence is such that a reasonable jury could return a verdict for
> the nonmoving party.' *Anderson*, 477 U.S. at 248, 106 S.Ct.
> 2505; *accord Benn v. Kissane*, 510 Fed.App'x. 34, 36 (2d Cir. 2013);
> *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662,
> 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d
> Cir.2008); *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d
> Cir.2005). Courts must 'constru[e] the evidence in the light most
> favorable to the nonmoving party and draw[ ] all reasonable
> inferences in its favor.' *Fincher v. Depository Trust & Clearing Corp.*,
> 604 F.3d 712, 720 (2d Cir.2010) (quoting *Allianz Ins. Co. v.
> Lerner*, 416 F.3d 109, 113 (2d Cir.2005)). In reviewing the

> record, 'the judge's function is not himself to weigh the
> evidence and determine the truth of the matter,' *Anderson*, 477
> U.S. at 249, 106 S.Ct. 2505; *see also Kaytor v. Elec. Boat Corp.*, 609
> F.3d 537, 545 (2d Cir.2010) ('The function of the district court
> in considering the motion for summary judgment is not to
> resolve disputed questions of fact.'), nor is it to determine a
> witness's credibility, *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.
> Rather, 'the inquiry performed is the threshold inquiry of
> determining whether there is the need for a trial.' *Id.* at 250, 106
> S.Ct. 2505.

*Penn v. New York Methodist Hosp.*, 2016 WL 270456, *at 2-3 (S.D.N.Y, January 20, 2016).

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2552. The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence ... of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) as amended on denial of reh'g (Dec. 22, 1999). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Moreover, "[a nonmoving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 CV. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) aff'd, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzalez v. Beth Israel Med. Ctr.*, 262 F.Supp.2d 342, 353 (S.D.N.Y. 2003)).

**B.    The Legal Standard With Respect To**
       **Plaintiff's Gender Discrimination Claim**

In analyzing claims of gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") where no direct admissible evidence of gender discrimination exists, courts apply the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), holding modified by *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). Under this framework, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. To do so, plaintiff must point to evidence in the record showing that: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for and competent at her position; (3) plaintiff was subjected to an adverse employment action; and (4) the adverse employment action took place under circumstances giving rise to an inference of discrimination based on plaintiff's membership in the protected class. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005).

If the plaintiff can demonstrate a prima facie case of gender discrimination, which Fortistar disputes, "the burden of production shifts to the employer to articulate a legitimate, clear, specific and non-discriminatory reason" for having undertaken the adverse action. *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996). Thereafter, "[i]f the defendant satisfies this burden of production, the plaintiff has the ultimate burden to prove that the employer's reason was merely a pretext for discrimination." *Id.* (Citation omitted). However, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff cannot satisfy this standard and summary judgment should be granted dismissing her gender discrimination causes of action.

**C.**   **Legal Standard With Respect to**
**Plaintiff's Retaliation Claim**

Claims of retaliation pursuant to Title VII also undergo a three (3) step standard of review.  First, plaintiff must establish a *prima facie* case of retaliation by demonstrating (1) participation in a protected activity that is known by the alleged retaliator; (2) an adverse employment action against the person participating in the protected activity; and (3) a causal connection between the protected activity and the adverse employment action.  *See, Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 365 (2006); *Zann Kwan v. Andolex GRP. LLC,* 737 F.3d 834, 844 (2d Cir. 2013). A causal connection can be demonstrated through (1) temporal proximity between the protected activity and the adverse employment action; (2) "disparate treatment of fellow employees who engaged in similar conduct"; or (3) direct evidence of retaliatory conduct toward plaintiff.  *DeCintio v. Westchester County Medical Ctr.*, 821 F.2d 111, 115 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455 (1987).

The Supreme Court also requires that plaintiff show that the "retaliation was a 'but-for cause of the adverse action, not simply a "substantial" motivating" factor in the employer's decision. *Id.* citing *University of Texas SW Med Center v. NASA,* ___ U.S.___, 133 S.Ct. 2517, 2523, 2435, 186 L.Ed.2d 503 (2013) .  Plaintiff must show direct evidence of retaliatory conduct toward plaintiff.  *Quinn v. Greentree Credit Corp.,* 159 F.3d 759 (2d Cir. 1998).

Only if plaintiff satisfies her burden of proof by establishing a *prima facie* case of retaliation, which defendant submits she cannot do, does the burden shift to the defendant to set forth a legitimate, non-retaliatory reason for the adverse employment action. *Quinn*, 159

F.3d at 769.  If Defendant meets its burden, the burden shifts once more to the plaintiff to prove, by a preponderance of the evidence, that the reasons set forth by plaintiff for undertaking the adverse employment action are pretextual and not the true reason for plaintiff's termination.  *Id.*  Evidence proffered by plaintiff must be "'sufficient to raise a fact issue as to whether [the employer]'s reason was merely a pretext' for retaliation."  *Id.*  Once again, plaintiff cannot satisfy this standard and the motion for summary judgment should be granted dismissing her retaliation causes of action.

## D.     The Legal Standard With Respect To Plaintiff's ADAAA Discrimination Claim

The ADAAA prohibits discrimination against the "qualified individual on the basis of disability" in the "terms, conditions and privileges of employment."  42 U.S.C. §12112(a). Claims under the ADAAA, such as the one being raised by plaintiff here, are subject to the same burden-shifting framework under the *McDonnell-Douglas* test as are her Title VII and retaliation claims. *Wagner v. Cty. of Nassau*, 2014 WL3489747 (E.D.N.Y. July 11, 2014; *Heyman v. Queens Village Comm. for Mental Health*, 198 F.3d. 68, 72 (2d Cir. 1999); *Farina v. Brandford Board of Education*, 458 Fed.App'x. 13 (2d Cir. 2011). Under that framework, plaintiff bears the initial burden to establish a *prima facie* case of disability discrimination (*Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d. 161, 169 (2d Cir. 2006) ; *Francis v. Wycoff Medical Center*, DLIMG, 2016 WL 1273235, at *8 (E.D.N.Y. March 30, 2016)).

To establish a *prima facie* case that Fortistar has engaged in discrimination by failing to make reasonable accommodations under the ADAAA, plaintiff must establish that "(1) [she] is a person with a disability under the meaning of the ADAAA; (2) an employer covered by

the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. *Goonan v. Federal Reserve Bank of New York*, 916 F.Supp.2d 470, 478-79 (S.D.N.Y. 2013), quoting *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 183-184 (2d Cir. 2006) ; *Gorbea v. Verizon New York*, No. TLCV-3758 KAMLB, 2014 WL 917198 (E.D.N.Y. Mar. 10, 2014).

Once again, only if a plaintiff can establish a *prima facie* case for discrimination does the burden shift to the employer to articulate a legitimate, non-discriminatory reason for its adverse action. Once a defendant comes forth with a non-discriminatory reason, the final question and burden a plaintiff must overcome is to prove that the employer's stated reason for the adverse employment action is merely pretextual and ADA discrimination was an actual reason, a "but for" reason for the adverse employment action. *Polito v. Tri-Wire Eng'g Sol., Inc.*, 699 F.Supp.2d 480, 491(E.D.N.Y. 2010) ; *Rinaldi v. Quality King Distributors, Inc.*, 29 F.Supp.3d. 218 (E.D.N.Y. 2014).

Under the *McDonnell-Douglas* framework applicable to plaintiff's ADAAA claim, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains with the plaintiff employee. Thus, plaintiff bears the burdens of both production and persuasion as to the existence of a disability and the existence of some reasonable accommodation that would allow her to perform the essential functions of her employment with or without a disability. *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013).

## POINT II

## PLAINTIFF CANNOT ESTABLISH A *PRIMA FACIE* CASE OF GENDER DISCRIMINATION CLAIM

Plaintiff cannot meet her initial burden of demonstrating a *prima facie* case of gender discrimination regarding Fortistar's decision to terminate her employment. Although plaintiff is a member of a protected class (she is a female), and that she suffered an adverse employment action (she was terminated), plaintiff cannot establish she was competent for the position because she did not satisfactorily perform her job duties. In addition, there is absolutely no evidence that the adverse employment action took place under circumstances giving rise to an inference of discrimination based on plaintiff's membership in the protected class. Plaintiff's failure to establish these essential elements of her claim entitles defendant to summary judgment as a matter of law because such failure renders all other facts immaterial, thereby precluding a finding of a genuine issue of material fact. *See, Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552 (1986).

First and foremost, no evidence exists that plaintiff was qualified for and competent at her position. It is undisputed that plaintiff was a probationary employee and her status was to be evaluated within three months of her date of hire. (56.1 at ¶16). She also repeatedly failed to satisfactorily perform her job duties on a number of occasions, including being absent three times in two and one half months. Satisfactory job performance "…is measured by the employer's criteria, not by some hypothetical objective criteria." *Ponniah Das v. Our Lady of Mercy Medical Center,* 2002 WL 826877, at *8 (S.D.N.Y. Apr. 30, 2002), *aff'd sub nom., Das v. Our Lady of Mercy Med. Ctr.,* 56 F.App'x 12 (2d Cir. 2003), *citing, Thornley v. Penton Publishing, Inc.,* 104 F.3d 26, 29 (2d Cir. 1997). "'The ultimate inquiry in assessing whether an

employer's charge of unsatisfactory job performance is legally sufficient to dismiss a Title VII claim at the summary judgment stage is whether an employee's performance met his employer's legitimate expectations.'" *Id.* at *9, *quoting, Thermidor v. Beth Israel Medical Center*, 683 F.Supp. 403, 412 (S.D.N.Y. 1988) (internal citations omitted). Further, an employee's unsupported, conclusory opinion that the employer's assessment of her job performance was unfair, is not sufficient to defeat the employer's motion for summary judgment. *Id.* at *9.

Plaintiff was expected to perform her duties in a professional manner and to maintain proper standards of conduct, which included being present at work, listening to instructions from supervisors and treating supervisors and co-workers with respect. (Beane Decl., Exh. "XX"; 56.1 at ¶¶36-45) Defendant's expectations that plaintiff exhibit professionalism, maintain proper standards of conduct, follow instructions from supervisors, and generally conduct her job duties with care and thoroughness are not illegitimate or unreasonable expectations.

Plaintiff failed to adequately perform her functions as administrative assistant or assistant to the office manager with respect to scheduling important meetings for Mr. Comora and other Fortistar executives and failing to arrange for transportation for attendees at Fortistar's holiday party. (56.1 at ¶¶ 35, 36, 37 and 38). Plaintiff admitted in her sworn testimony that there were issues at some of these functions, including specifically the transportation issue at the holiday party, but she declined to take responsibility for them. (56.1 at ¶¶39, 40 and 41). Ms. Comora specially set forth in a memorandum dated January 23, 2013, the various deficiencies in plaintiff's ability to perform the functions of her job.

(Beane Decl. Exh. "JJ"). In addition, she was absent from work three times in a two and a half month period. (56.1 at ¶¶28-34). This absenteeism from a probationary employee was unacceptable to Fortistar and violates Fortistar's employment policies which specifically state that attendance is essential and abuse of sick time may result in termination. (Beane Decl. Exh. "M"). The foregoing incidents preclude plaintiff from establishing a *prima facie* case of gender discrimination because she cannot meet her burden of demonstrating she was competent and satisfactorily performed her duties as an administrative assistant and assistant to the office manager.

Furthermore, plaintiff cannot demonstrate that her termination occurred under circumstances giving rise to an inference of discrimination based on her gender. First, she has not alleged any facts to support her claim that her gender had anything to do with her termination. Her only contention was that she was made to feel "embarrassed and uncomfortable" by being exposed to a supposedly sexually explicit image superimposed on a DVD which Fortistar allegedly failed to address upon being notified of its existence by plaintiff, and then being asked to return the DVD to the person to whom it supposedly belonged. (Complaint, ¶¶12-19). These allegations do not give rise to an inference that her termination had anything to do with her gender and plaintiff cannot provide any evidence that she or any other female employee was treated differently because of gender.

The undisputed evidence further confirms that plaintiff was replaced by Ms. Mary Azzanti, who is also female. (Beane Decl. Exhs., "WW", "XX" "UU", Comora Tr. 23). Thus, plaintiff's gender could not have played any role in Fortistar's decision to terminate plaintiff's employment because she was replaced by a woman.

Plaintiff has fallen significantly short of establishing a *prima facie* case of gender discrimination. She has not established a single instance showing that Fortistar's termination of plaintiff's employment was motivated by her gender or that she was replaced by a non-female. The failure to establish a *prima facie* case dooms plaintiff's claim of gender discrimination.

### POINT III

### PLAINTIFF CANNOT ESTABLISH A *PRIMA FACIE* CLAIM OF RETALIATION

Plaintiff also cannot meet her initial burden of establishing a *prima facie* case of retaliation. Knowledge that plaintiff engaged in a protected activity and a causal connection between such protected activity and an adverse employment action are essential elements of a retaliation claim. Specifically, plaintiff cannot establish that she engaged in a protected activity that was known to Fortistar or the existence of a causal connection between her reporting the existence of the DVD to Fortistar and her termination. Therefore, Fortistar is entitled to summary judgment as a matter of law because plaintiff's failure to establish an essential element of her claim renders all facts immaterial thereby precluding a finding of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552 (1986).

A.    **The Notification to Fortistar Of The DVD Was Not Protected Activity**

> A protected activity is action that 'protests or opposes statutorily prohibited discrimination.' *Giscombe v. New York City Dep't of Educ.*, 39 F.Supp.3d 396, 401 (S.D.N.Y.2014) (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir.2000)). "While there are no magic words that must be used when complaining about a supervisor, in order to be protected activity the complainant must put the employer on notice that the

complainant believes that discrimination is occurring." *Ramos v. City of New York*, No. 96–CV–3787 (DLC), 1997 WL 410493, at *3 (S.D.N.Y. July 22, 1997). Consequently, "ambiguous complaints that do not make the employer aware of alleged discriminatory misconduct do not constitute protected activity." *Int'l Healthcare Exch., Inc. v Global Healthcare Exch., LLC*, 470 F.Supp.2d 345, 357 (S.D.N.Y.2007) (citing *Ramos*, 1997 WL 410493, at *3).

*Tubo v. Orange Reg'l Med. Ctr.*, No., 2015 WL 5945853, at *11 (S.D.N.Y. Oct. 13, 2015), *reconsideration denied*, 2016 WL 452158 (S.D.N.Y. Feb. 3, 2016). In this case, it is undisputed that plaintiff never complained about the DVD to Fortistar. (56.1 at ¶54). She testified that she merely notified Ms. Comora and Ms. Zanette about its existence. (*Id.*, at ¶¶52,54-59). Under the test set forth above, merely reporting the existence of the DVD, without more, is insufficient to constitute protected activity that supports a *prima facie* case of retaliation and requires dismissal of the causes of action for retaliation under Title VII and the NYSHRL.

The DVD with the image superimposed on it, which forms the touchstone of plaintiff's claim for retaliation, was discovered by her on January 16, 2013. The circumstances of its discovery and what action plaintiff took thereafter are not in dispute. Plaintiff discovered the DVD in a box of files and other documents received from Fortistar's former general counsel, Robert Dunbar, Esq., who retired at the end of December 2012. (56.1 at ¶¶49-50). In December 2012, Mr. Dunbar, who worked primarily from an office he maintained at his farm in Pennsylvania, arranged to ship a number of boxes containing materials from his Pennsylvania office to Fortistar's headquarters in White Plains. (56.1 at ¶¶48-49). Plaintiff was tasked to review and catalog the contents of three or four of those boxes after Mr. Dunbar's retirement. In performing that function, she found the DVD with the image on it in a clear

plastic case. (56.1 at ¶¶50-51). Plaintiff described the photographic image on the DVD as being one of a woman from the rear, bent over, with her bare backside exposed. (56.1 at ¶51).

Upon discovering the DVD, plaintiff testified that she immediately called Ms. Comora, who happened to be close by, to come over, showed her the DVD and said "look what I found". (56.1 at ¶51; Complaint ¶14). According to plaintiff, Ms. Comora's response was that "it is Bob's, he doesn't work here anymore." She then directed plaintiff to speak with Ms. Zanette. (56.1 at ¶54). That was the entire conversation between plaintiff and Ms. Comora. Plaintiff testified that she never told Ms. Comora, or anyone else at Fortistar, she suffered any discomfort or embarrassment or was in any way offended or impacted by finding the DVD or that she expected Fortistar to investigate or address the situation in some way. Plaintiff further admits that she did not voice any complaint about the DVD, that she did not ask Ms. Comora what she should do with it or have any further discussion with Ms. Comora about the DVD. (Beane Decl., Exh. "TT", Pl. Tr. 89-106).

Plaintiff then spoke with Ms. Zanette shortly thereafter. (56.1 at ¶57). Plaintiff testified she showed Ms. Zanette the DVD with the print on it and stated "Look what I found in one of the Dunbar boxes that I was cataloguing." (*Id.*). Once again, plaintiff did not make any complaint to Ms. Zanette about the DVD or state it offended, embarrassed or made her feel uncomfortable in any way. Nor did she ask Ms. Zanette what to do with the DVD or ask her to take any particular action with respect to the DVD or Mr. Dunbar. (*Id.*) Plaintiff testified that Ms. Zanette informed her that Mr. Dunbar did not work at Fortistar anymore and did not give her any further instruction. (56.1 at ¶58). Plaintiff did not ask Ms. Zanette to take any action at

all. (*Id.*) Plaintiff further testified that after meeting with Ms. Zanette she put the DVD back in the box where she had found it. (56.1 at ¶58).

On January 22, 2013, plaintiff was asked to meet with Mr. Dunbar, who was on-site for the day, to review the list of documents that plaintiff had prepared when cataloguing his boxes, so Mr. Dunbar could determine which documents Fortistar should keep and which should be discarded. (56.1 at ¶65). Plaintiff did not object to the meeting with Mr. Dunbar or raise any concerns about having to meet with him to either with Mr. or Mrs. Comora or Ms. Zanette. (56.1 at ¶¶64-65). The entire review process took about five to twenty minutes. (*Id.*, at ¶67). Plaintiff did not tell Mr. Dunbar about the DVD she had discovered. (*Id.*) Plaintiff testified that she never physically went back through the boxes during or after her meeting with Mr. Dunbar and does not have any idea what happened to their contents, including the DVD. (56.1 at ¶¶68-69.).

Plaintiff then took the list of documents she had reviewed with Mr. Dunbar to Ms. Comora. (56.1 at ¶73). During the meeting with Ms. Comora, plaintiff testified Ms. Comora asked her if she had returned the DVD to Mr. Dunbar. (56.1 at ¶74). Plaintiff informed Ms. Comora that she had not returned the DVD to Mr. Dunbar. Plaintiff had no further discussion with Ms. Comora concerning the DVD after this January 22, 2013 discussion. (*Id.*). Plaintiff had no further discussion with Ms. Zanette about the DVD after January 16, 2013 (*Id.*) and had no discussion at all with Mr. Mark Comora about it. (56.1 at ¶75).

The undisputed facts are that plaintiff never advised Ms. Comora or Ms. Zanette that she was uncomfortable or felt embarrassed or offended by the DVD on either January 16, 2013 or January 22, 2013, or that she objected to or was uncomfortable meeting alone with Mr.

Dunbar to talk with him about the list of catalogued documents on January 22, 2013 because of the DVD. (Rule 56.1 Statement ¶7, Pl. Tr. 110). Thus, plaintiff's reporting the existence of the DVD to Ms. Comora and Ms. Zanette is not sufficient to constitute a protected activity and plaintiff's claim for retaliation fails for this reason alone.

**B.      There Is No Causal Connection To
            Support A Claim Of Retaliation**

Plaintiff's claim for retaliation also fails because no causal connection exists between notification to Fortistar of the DVD and her termination. Plaintiff notified Ms. Comora and Ms. Zanette about the DVD on January 16, 2013. Her termination occurred on January 23, 2013. However, the proximity of these dates, standing alone, does not support a causal connection between these two actions because her reporting the DVD was not a determinative or motivating factor with respect to her termination. The concept of temporal proximity is not necessarily a determinative piece of evidence concerning the motivating factors behind the termination of an employee. *Yang v. Navigator's Group, Inc.*, 2016 WL 67790, at *6 (S.D.N.Y. Jan. 4, 2016), quoting *Sharkey v. J.P. Morgan Chase & Co.*, 2015 WL 5920019, at *13 (S.D.N.Y. Oct. 9, 2015). The applicable cases hold that even where the temporal proximity between the protected activity and the termination are close, the concept does not "compel a finding of causation, particularly when there is a legitimate intervening basis for the adverse action." *Fraser v. Fidelity Trust Co., Int'l,* 2009 WL 2601389, at *6 (S.D.N.Y. Aug. 25, 2009) (citations omitted), *aff'd* 369 F. App'x. 734 (2d Cir. 2010). As set forth in detail in paragraphs 87 through 92 of Plaintiff's Rule 56.1 Statement, the intervening cause that triggered plaintiff's termination was plaintiff's second absence in a two and one

half week period, and third in less than three months, with no advanced warning by a probationary employee. This last absence occurred the very same day that the decision to terminate her was made - January 23, 2013. The undisputed facts confirm plaintiff called in sick on that date without advance notice. It is the absence that triggered the decision to terminate plaintiff, not anything involving the DVD. As a result, there is no causal connection and the claim for retaliation must be dismissed.

## POINT IV

### PLAINTIFF CANNOT ESTABLISH A
### *PRIMA FACIE* CLAIM UNDER THE ADAAA

To establish a *prima facie* case that Fortistar engaged in discrimination by failure to make a reasonable accommodation under the ADAAA, plaintiff must establish that: (i) she is a person with a disability within the meaning of the statute; (ii) Fortistar, an employer covered by the statute, had notice of her disability; (iii) with reasonable accommodation, she could perform the essential functions of the job at issue; and (iv) the employer has refused to make such accommodations. *See Goonan*, 916 F.Supp. at 478-79  (S.D.N.Y. 2013). Plaintiff cannot satisfy the criteria to make out a *prima facie* case.

A.     **Plaintiff Does Not Have A**
       **Disability Under The ADAAA**

The ADAAA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1). Although the ADAAA does not define what constitutes a substantial limitation, the regulations promulgated thereunder state that a substantial limitation is one that "substantially limits the

ability of an individual to perform a major life activity as compared to most people in the general population". (79 C.F.R. §1630.2)

The case law and the ADAAA regulations make it clear that impairments that merely affect but do not substantially limit major life activities do not qualify as disabilities under the ADAAA. *Rodriguez v. Rochester Genesee Reg'l. Transp. Auth.,* 2014 WL 3819229, at *3) (W.D.N.Y. Aug. 4, 2014) (Court determined that a physical restriction of not being able to lift more than fifteen pounds does not constitute an ADAAA disability). *See also,* 29 C.F.R. §1630(2)(j)(ii)(42 U.S.C. §12102(2)(A).

In *Wegner v. Upstate Farms Co-op, Inc.,* 560 F.App'x. 22, 24 (2d Cir. 2014), the Second Circuit reiterated the importance of claimants obtaining medical experts and having the medical experts specify the disability in detail and its impact on major life activities to establish that a particular physical condition constitutes a disability. Similarly, in *Farina v. Brandford Board of Education*, 458 F.App'x. 3d 13, 15-16 (2d Cir. 2011) the Second Circuit held that an alleged substantial impairment of a major life function (such as a back injury) requires adequate medical verification and, at the very least, something more than a claim that a particular condition exists. The Court in *Farina* determined that plaintiff's alleged back injury, extreme fatigue and insomnia were not disabilities under the ADAAA because there was no medical evidence supporting her allegations. *See also, Wagner v. Cty. of Nassau*, WL 3489747 at *5 (E.D.N.Y. July 11, 2014)(holding that plaintiff was not disabled because she did not submit evidence demonstrating that her asthma condition caused substantial breathing difficulties). Thus, plaintiff who admits she did not submit medical evidence of her

condition (56.1 at ¶35) cannot prove that she either had a disability or that Fortistar had notice of such a disability.

As to the third prong of the *prima facie* test, that plaintiff must otherwise be qualified to perform the essential functions of her job, with or without accommodation, courts have consistently ruled that an employee cannot be considered otherwise qualified when he or she is unable to report to work at the time required. *See Rinaldi v. Quality King Distributors, Inc.*, 29 F.Supp.3d 218, 227-28 (E.D.N.Y. 2014)(Court found attendance a prerequisite of performing the essential functions of the job and held that an employer is not required to develop a work schedule where an employee works only when her illness allows her to do so); *Lewis v. New York City Police Department*, 908 F. Supp. 2d 313, 327 (E.D.N.Y. 2012), aff'd *sub.nom., Lewis v. NYC Police Dep't.*, 537 F.App'x. 11 (2d Cir. 2013) "As other Courts in this circuit have recognized, '[t]he ADAAA does not require employers to tolerate chronic absenteeism even when attendance problems are caused by an employee's disability.'" *Francis v. Wycoff Heights Med. Ctr.*, 2016 WL 1273235 at *12 (E.D.N.Y. Mar. 30, 2016) citing *Lewis v. New York City Police Dep't*, 908 F. Supp. 2d 313, 327 (E.D.N.Y. 2012), aff'd *sub nom. Lewis v. NYC Police Dep't*, 537 F. App'x 11 (2d Cir. 2013), quoting *Mescall v. Marra*, 49 F. Supp. 2d 365, 374 (S.D.N.Y.1999).

## B.   Application of the ADAAA
Test to the Facts in This Case

Fortistar asserts that plaintiff cannot establish a *prima facie* case of discrimination based on disability, or, if for some reason she is successful in doing so, certainly cannot overcome Fortistar's coming forward with the legitimate non-discriminatory reasons for her

termination on January 23, 2013. The undisputed facts with respect to plaintiff's ADAAA claim are as follows. Plaintiff at no time notified Fortistar that she had a herniated disc. She testified that she did not present Fortistar with a doctor's note or any other medical evidence setting forth, explaining or corroborating her physical condition, its severity, treatment protocol or what kind of an accommodation would be necessary in light of its existence. (56.1 at ¶35). The lack of notice regarding plaintiff's alleged disability dooms her claim under the ADAAA.

Plaintiff also never asked anyone at Fortistar for an accommodation during the term of her employment. (56.1 at ¶35). The only alleged request for an accommodation that plaintiff asserts she made are the three emails she sent notifying Fortistar that she would be absent from work, without warning, on three separate occasions. (56.1 at ¶¶29-34). Plaintiff specifically testified that these emails contain the only request for an accommodation she ever made. (56.1 at ¶95). Even a cursory examination of these emails, however, demonstrates that they do not request a reasonable accommodation under the ADAAA. (Beane Decl. Exhs. "G", "H" and "I"). Rather, Plaintiff's contention is that whenever her condition became acute, she could take unpaid sick time, without prior notice. (Beane Decl. Exh. "TT", Pl. Tr. 78-83). As discussed above, the applicable cases specifically state that this request for an accommodation - to be absent from work whenever plaintiff is in too much pain - is not reasonable. and no employer would be expected to grant such an accommodation. *See Francis*, 2016 WL 1273235 at *12; *Rinaldi*, 29 F. Supp. 3d at 227-28). Thus, the undisputed facts demonstrate that plaintiff never requested a reasonable accommodation and that she cannot set forth a *prima facie* case under the ADAAA.

**POINT V**

**DEFENDANT HAD LEGITIMATE, NON-DISCRIMINATORY
AND NON-RETALIATORY REASONS FOR
TERMINATING PLAINTIFF'S EMPLOYMENT**

Even if the Court finds plaintiff somehow has established a *prima facie* case of gender discrimination and retaliation under Title VII or discrimination under the ADAAA, Fortistar had legitimate, non-discriminatory and non-retaliatory reasons for terminating plaintiff's employment which rebut any presumption of discrimination or retaliation that may arise from a finding by this Court that plaintiff established a *prima facie* case with respect to any of her claims.  Fortistar's satisfaction of this criterion shifts the ultimate burden of persuasion upon plaintiff to prove, by a preponderance of the evidence, that Fortistar terminated her employment because of her gender, because she notified or reported to Fortistar the existence of the DVD and/or because Fortistar refused to provide her with a reasonable accommodation for her herniated disc. *See McDonnell Douglas Corp.*, 411 U.S. 792, 93 S. Ct. 1817 (1973); *Texas Dep't of Cmty. Affairs*, 450 U.S. 248, 101 S. Ct. 1089 (1981); *St. Mary's Honor Ctr.*, 509 U.S. 502, 113 S. Ct. 2742 (1993).  Defendant submits that plaintiff cannot meet its ultimate burden of proof.

Fortistar termination of plaintiff's employment had absolutely nothing to do with her gender, her reporting the existence of the DVD to Fortistar, or Fortistar's failure to reasonably accommodate her herniated disc.  On the contrary, Plaintiff failed to adequately perform her functions as administrative assistant or assistant to the office manager with respect to scheduling several important meetings for Mr. Comora and other Fortistar executives and failed to arrange for transportation for attendees at Fortistar's holiday party

back to their hotels. (56.1 at ¶¶35-38, Beane Decl. Exh. "JJ"). In addition, plaintiff was absent from work three times in a two and a half month period without giving any advance notice. (56.1 at ¶¶29-35). This absenteeism from a probationary employee was unacceptable to Fortistar and violated Fortistar's employment policies which specifically state that abuse of sick time may result in termination. (Beane Decl. Exh. "M", p. 18).

Defendant's decision to terminate plaintiff's employment was motivated by the various incidents detailed above which demonstrate a failure to satisfactorily perform the basic duties assigned to her as administrative assistant and assistant office manager and to comply with Fortistar's attendance policies, each of which is a legitimate, non-discriminatory basis for terminating her employment.

## POINT VI

## PLAINTIFF'S NYSHRL CLAIMS SHOULD BE DISMISSED

Plaintiff also asserts three causes of action under the NYSHRL. (Complaint, ¶¶25-40). The only basis for Federal subject matter jurisdiction over these claims is supplemental or pendent jurisdiction pursuant to 28 U.S.C. §1367(a). Once the underlying federal claims upon which the Court's original federal subject matter jurisdiction is based have been dismissed, which Fortistar contends is appropriate in this case, this Court should decline to exercise such supplemental jurisdiction concerning plaintiff's State law claims. *Francis* 2016 WL 1273235, at *17.   As stated in *Francis* "[t]he Second Circuit instructs that absence extraordinary circumstances, where federal claims can be disposed of pursuant to [Rule 56 of the Federal Rules of Civil Procedure] Courts should abstain from exercising pendent jurisdiction over State law claims." *Id.* citing *O'Leary v. Town of Huntington*, 2012 WL 3842567,

at *15 (E.D.N.Y. Sept. 5, 2012) and *Missick v. City of New York*, 707 F.Supp.2d 336, 354–55 (E.D.N.Y. 2010).  Thus, the causes of action under the NYSHRL should be dismissed based upon lack of jurisdiction.

## IV.   **CONCLUSION**

For these reasons, Defendant Fortistar respectfully requests that the Court enter an Order, pursuant to Fed. R. Civ. P. 56, granting summary judgment, dismissing the Complaint in its entirety, and awarding Fortistar such other and further relief as the Court may deem just and proper, including its reasonable attorney's fees and disbursements.

Dated:   White Plains, New York
         June 27, 2016

                         **KEANE & BEANE, P.C.**

                    By:   *Edward F. Beane*
                         Edward F. Beane (EFB 0358)
                         Attorneys for Defendant
                         445 Hamilton Avenue, 15th Floor
                         White Plains, New York  10601
                         (914) 946-4777
                         ebeane@kblaw.com

Of Counsel:   Eric L. Gordon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MAY LING BRANTMAN,

                    Plaintiff,

          -against-

FORTISTAR CAPITAL INC.,

                    Defendant.

------------------------------------------------------------------- x

**AFFIDAVIT OF SERVICE**

Civil Action No. 15-cv-4774
(NSR) (JCM)

STATE OF NEW YORK          )
                           )SS.:
COUNTY OF WESTCHESTER      )

       SHARON JONES, being duly sworn, deposes and says:

       I am not a party to this action, am over 18 years of age and reside at c/o KEANE &
BEANE, 445 Hamilton Avenue, Suite 1500, White Plains, New York 10601.

       On the 27th day of June, 2016, I served a true copy of the annexed
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT in this action by mailing a true copy thereof enclosed in a post-
paid wrapper, by first class mail, by depositing same in an official depository under the
exclusive care and custody of the U.S. Postal Service within New York State to the following
address:

TO:   **TUCKNER, SIPSER, WEINSTOCK**
      **AND SIPSER, LLP**
      Attorneys for Plaintiff
      120 Broadway, 18th Floor
      New York, New York 10271
      T (212) 766-9100
      Email jtuckner@womensrightsny.com

                                SHARON JONES

Sworn to before me this
27TH day of June, 2016

_____
Notary Public

ANDREW P. TUREAUD
Notary Public, State of New York
No. 01TU5014202
Qualified in Westchester County
Commission Expires July 15, 2019